# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

LEE DAVIDSON,

    Petitioner,

vs.

DWIGHT NEVEN, *et al.*,

    Respondents.

Case No. 2:14-cv-00432-JAD-PAL

**ORDER**

    This is a *pro se* petition for a writ of habeas corpus filed by a Nevada state prisoner under 28 U.S.C. § 2254. This order resolves all pending motions.

**1.    Respondent's motion to seal**

    Respondents' answer and supporting exhibits were accompanied by a motion to file petitioner's presentence report under seal. *See* Docs. 11-18. Although there is a strong presumption favoring public access to judicial filings and documents, *see Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 597 (1978); *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir. 2003), the court has inherent power over its own records and files and may deny access if the documents may be used for "improper purposes." *Nixon*, 435 U.S. at 598; *Kamakana*, 447 F.3d at 1179; *Hagestad v. Tragesser*, 49 F.3d 1430, 1433-34 (9th Cir. 1995).

    Petitioner's presentence report is offered in support of Respondents' answer, making it part of a dispositive pleading. The Ninth Circuit permits district court to seal this type of document for "compelling reasons." *Kamakana*, 447 F.3d at 1179-89. Compelling reasons exist to seal petitioner's presentence report. This document contains confidential information about petitioner, as defined under NRS 176.156. On balance, the potential harm to petitioner if the presentence report is unsealed outweighs the public's right to access this sensitive document. Accordingly, Respondents have made an adequate showing of compelling reasons to keep the presentence report sealed, and I grant the motion to seal the presentence report. Doc. 17.

2.   **Petitioner's motions**

  a. *Application for pauper status*

Back in April, petitioner filed an application for leave to proceed *in forma pauperis*. Doc. 3. I denied that application as moot because petitioner already paid the filing fee, and the point of a pauper application is to obtain relief from the initial obligation of paying the $5 filing fee. *See* Doc. 4. On November 12, 2014, petitioner filed a second application for leave to proceed *in forma pauperis*. Doc. 20. I deny this second application as moot for the same reason I denied the first one: petitioner already paid the filing fee.

  b. *Request for appointment of counsel*

Also in April, I denied petitioner's request for appointment of counsel. I reasoned that the petition is well-written and presents the issues with sufficient clarity, and the issues in this case are not complex, therefore appointed counsel is not justified. Doc. 4 at 2. Nothing in petitioner's second motion for counsel (Doc. 21) persuades me otherwise. Accordingly, petitioner's second motion for the appointment of counsel is denied.

  c. *Request for additional time to reply*

Finally, petitioner has filed a motion for an extension of time in which to file a reply to the answer. Doc. 22. Good cause appearing, petitioner is granted a 30-day extension. If he desires to file a reply brief, it is due by February 11, 2015.

**Conclusion**

**IT IS THEREFORE ORDERED** that:

- Respondents' motion to seal the presentence report **[Doc. 17] is GRANTED. The Clerk of Court shall keep the presentence report [Doc. 18] filed under seal**;
- Petitioner's second application for leave to proceed *in forma pauperis* **[Doc. 20] is DENIED** as moot;
- Petitioner's second motion for the appointment of counsel **[Doc. 21] is DENIED**; and

- Petitioner's motion for an extension of time to file a reply **[Doc. 22] is GRANTED.** Petitioner has until February 11, 2015, to file his reply to the answer.

Dated this 12th day of January, 2015.

_____
JENNIFER DORSEY
UNITED STATES DISTRICT JUDGE