UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LEE DAVIDSON, | Case No. 2:14-cv-00432-JAD-PAL |
| Petitioner, | |
| vs. | Order Denying Motions to Conduct Discovery, for an Evidentiary Hearing, and for Appointment of Counsel |
| DWIGHT NEVEN, *et al.*, | [ECF 27, 28, 34] |
| Respondents. | |

Pro se habeas petitioner Lee Davidson challenges his 2009 Nevada state-court conviction for burglary and grand larceny.[1] Davidson moves for leave to conduct discovery, for an evidentiary hearing, and for appointment of counsel.[2] I deny all three motions because I find that (1) Davidson has not provided sufficient reasons to justify discovery at this phase of his challenge, (2) an evidentiary hearing is not warranted because my review of his case is limited to the state-court record, and (3) Davidson has not demonstrated that denial of counsel would amount to a denial of due process.

**A.    Motion for Leave to Conduct Discovery and for Court Order to Obtain Documents [27]**

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course."[3] Rule 6(a) of the rules governing section 2254 cases provides that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." "Good cause exists 'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief. . . .'"[4]

"Habeas is an important safeguard whose goal is to correct real and obvious wrongs. It was

---

[1] ECF 1.

[2] ECF 27, 28, 34.

[3] *Bracy v. Gramley*, 520 U.S. 899, 903–05 (1997).

[4] *Smith v. Mahoney*, 611 F.3d 978, 996 (9th Cir. 2010) (citing *Bracy*, 520 U.S. at 928–29).

never meant to be a fishing expedition for habeas petitioners to 'explore their case in search of its existence.'"⁵ Rule 6(b) requires a party requesting discovery to "provide reasons for the request" and "specify any requested documents."

Petitioner contends that he needs to conduct discovery to develop facts in support of several of his habeas claims, in particular Grounds 1, 4, 8, 10, 13, and his ineffective assistance of counsel claims under Grounds 3, 5, 6, 7, and 8. Absent from his motion, however, are the specific facts he seeks to develop via discovery or the particular material he intends to request to assist in that effort. Petitioner has not shown that discovery may uncover "favorable, material information" tending to support his claims.⁶ Nor has he explained why he did not develop the information he now seeks during prior state court proceedings. In sum, petitioner has not demonstrated that information sought through discovery would result in him being entitled to habeas relief on any of his claims, I deny his motion for discovery.

**B.      Motion for Evidentiary Hearing [28]**

Next, petitioner asks for an evidentiary hearing. But the law does not dictate one in this case. When a habeas petitioner has not developed the factual basis of a claim in his state-court proceedings, section 2254(e)(2) prohibits the court from holding an evidentiary hearing on the claim unless the petitioner shows that:

>   (A)   the claim relies on—
>
>   (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
>   (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
>   (B)   the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant

---

⁵ *Rich v. Calderon*, 187 F.3d 1064, 1067 (9th Cir. 1999) (quoting *Calderon v. U.S.D.C. (Nicholaus)*, 98 F.3d 1102, 1106 (9th Cir. 1996)).

⁶ *Cf. Pham v. Terhune*, 400 F.3d 740, 743 (9th Cir. 2005).

guilty of the underlying offense.[7]

Petitioner was granted an evidentiary hearing in state court in relation to his petition for collateral relief,[8] and he does not identify what evidence he intends to present in this court that could not have been previously discovered through the exercise of due diligence. More importantly, because the Nevada state courts decided his claims on their merits, section 2254(d)(1) limits this court's review to the record before the state court.[9] "[E]vidence introduced in federal court has no bearing on § 2254(d)(1) review. If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court."[10] Accordingly, I deny petitioner's motion for an evidentiary hearing.

### C.  Motion for Appointment of Counsel [34]

Petitioner next asks me to appoint him counsel to represent him in this proceeding because he believes the issues are too complex for him to litigate without counsel.[11] There is no constitutional right to appointed counsel for a federal habeas corpus proceeding.[12] The decision to appoint counsel is generally discretionary.[13] Counsel must be appointed if the case is so complex that denial of counsel would amount to a denial of due process or the petitioner's education is so limited that he is incapable of fairly presenting his claims.[14]

---

[7] 28 U.S.C. § 2254(e)(2).

[8] ECF 14-13.

[9] *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398 (2011) (holding that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits.").

[10] *Id.* at 1400.

[11] ECF 34.

[12] *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993).

[13] *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984).

[14] *See Chaney*, 801 F.2d at 1196; *Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970).

Petitioner has presented his issues in a sufficiently clear manner. And the issues in this case are not particularly complex. Because I have denied his request for leave to conduct discovery and for an evidentiary hearing, petitioner does not require counsel for those purposes. In short, it does not appear that court-appointed counsel is warranted in this case. I deny petitioner's motion for appointment of counsel.

## Conclusion

Accordingly, IT IS THEREFORE ORDERED that petitioner's motion for leave to conduct discovery **[ECF 27]**, motion for an evidentiary hearing **[ECF 28]**, and motion for appointment of counsel **[ECF 34] are all DENIED.**

Dated this 28th day of August, 2015.

_____
Jennifer A. Dorsey
United States District Judge