1    **UNITED STATES DISTRICT COURT**

2    **DISTRICT OF NEVADA**

3

4    Lee Davidson,                                    **2:14-cv-00432-JAD-PAL**

5          Petitioner

6    v.                                               **Order Denying Petition, Declining to Issue Certificate of Appealability, and Closing Case**

7    Dwight Neven, et al.,

8          Respondents

9

10     Nevada state-prison inmate Lee Davidson brings this § 2254 petition to challenge his Nevada

11   state-court conviction for burglary and grand larceny and resultant adjudication as a habitual

12   criminal.  Having reviewed Davidson's petition and respondents' answer, I find that Davidson has

13   not shown that he is entitled to federal habeas relief, so I deny his petition and I decline to issue a

14   certificate of appealability.

15                **Background**

16     In September 2009, Davidson pleaded guilty to burglary and grand larceny in Nevada's

17   Eighth Judicial District Court.  The state district court adjudicated Davidson a habitual criminal and

18   sentenced him to consecutive prison terms of 72–180 months.

19     Davidson appealed, arguing that the imposition of consecutive sentences was an abuse of

20   discretion and cruel and unusual punishment; the Nevada Supreme Court affirmed.  Davison then

21   filed a post-conviction habeas petition in the state district court in which he raised several grounds

22   for relief including ineffective assistance of counsel, claims challenging the validity of his guilty plea

23   and his prior convictions, claims alleging misconduct and abuse of discretion by the trial court, and

24   claims challenging Nevada's habitual criminal statute.

25     After a hearing on the petition, the state district court issued an order granting relief on

26   Davidson's claim that his guilty plea was invalid because he was not sufficiently canvassed about the

27   possible sentence that he could receive; the state district court denied relief on all other grounds.

28   Both Davidson and the state appealed.

1   On January 16, 2013, the Nevada Supreme Court reversed the district court's decision to

2   grant relief and affirmed the court's denial of the remaining grounds in Davidson's petition. The

3   state district court then issued an amended order in compliance with the Nevada Supreme Court's

4   remand. Davidson appealed; the Nevada Supreme Court summarily dismissed that appeal on

5   January 1, 2014. Davidson then timely filed this federal habeas petition asserting 13 grounds for

6   relief. I address Davidson's claims in turn but save his ineffective-assistance-of-counsel claims for

7   last.

8   **Discussion**

9   **A.     Standard for habeas relief under 28 U.S.C. § 2254(d)**

10   A federal court may not grant an application for a writ of habeas corpus on behalf of a person

11   in state custody on any claim that was adjudicated on the merits in state court unless the state-court

12   decision (1) was contrary to, or involved an unreasonable application of, clearly established federal

13   law or (2) was based on an unreasonable determination of the facts in light of the evidence presented

14   in the state-court proceeding.[1]  Because de novo review is more favorable to the petitioner, federal

15   courts can deny claims by engaging in de novo review rather than applying the deferential AEDPA

16   standard.[2]

17   *1.     Ground one*

18   In ground one, Davidson claims that his constitutional rights were violated because the trial

19   court did not require the state to demonstrate the validity of the prior convictions used to support the

20   court's habitual-criminal finding. Davidson notes that all of his prior convictions were the result of

21   guilty pleas and that the trial court made no inquiry into whether these pleas were constitutionally

22   valid. Davidson further claims that his pre-sentence report shows that only one of his prior

23   convictions met the criteria to support a habitual-criminal charge because the other convictions were

24   too old or occurred at the same time and should not have been counted separately.

25   Nevada's habitual-criminal statute does not place a limit on the age or nature of a felony

26

27   [1] 28 U.S.C. § 2254(d).

28   [2] *Berghuis v. Thompkins*, 560 U.S. 370, 390 (2010).

conviction used to adjudicate a defendant a habitual criminal.[3]  Thus, whether Davidson's

convictions were based on guilty pleas, more than ten years old, or concurrent is irrelevant.  The trial

court was not obligated to examine the circumstances underlying Davidson's prior convictions.

In addition, federal habeas relief is generally unavailable to challenge a current sentence on the

grounds that it was enhanced based on an allegedly unconstitutional prior conviction for which the

petitioner is no longer in custody.[4]  Accordingly, ground one is denied.

### 2.    *Ground two*

Davidson next alleges that the district court abused its discretion by failing to weigh factors

against habitual-criminal adjudication in violation of the Sixth and Fourteenth Amendments.

Davidson lists thirteen factors that, according to him, should have been considered in determining

whether to adjudicate him a habitual criminal.[5]

As a general matter, a challenge to a trial court's application of its own state's sentencing

laws does not raise a federal question cognizable on federal habeas review.[6]  To state a cognizable

federal habeas claim based on an alleged state-law sentencing error, a petitioner must show that the

---

[3] *See Tilcock v. Budge*, 538 F.3d 1138, 1144 (9th Cir. 2008) (noting that, under Nevada law, the requisite number of prior felony convictions alone requires punishment as a habitual criminal, unless a prosecutor or a judge exercises discretion to be more lenient, and that "the statute does not require or even authorize additional judicial factfinding").

[4] *Lackawanna Cty. Dist. Attorney v. Coss*, 532 U.S. 394, 396–97 (2001).  A petitioner can attack the validity of the underlying conviction if there was a failure to appoint counsel in violation of the Sixth Amendment in connection with the prior conviction.  *Id*. at 404.  But Davidson has not alleged facts establishing that this exception applies here.

[5]  Davidson also includes additional allegations under this ground regarding counsel's failure to file a motion to suppress because his arrest was not supported by probable cause.  These allegations are not relevant to ground two as pled in his petition.  In any case, Davidson has made no showing that such a motion would have had a reasonable probability of success.  Thus, he fails to meet the *Strickland* standard.

[6] *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994) ("Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief"); *Sturm v. California Adult Authority*, 395 F.2d 446, 448 (9th Cir. 1967) ("A state court's interpretation of its [sentencing] statute does not raise a federal question.").

1  alleged error was "so arbitrary or capricious as to constitute an independent due process violation."[7]
2  Because Davidson has not made this showing, ground two is denied.

3  **_3.      Ground four_**

4  In ground four, Davidson alleges that his constitutional rights have been violated because he
5  was adjudicated a habitual criminal based on his race.  He also alleges that the State of Nevada
6  disproportionately applies the habitual-criminal statute to African Americans.  Because Davidson
7  offers no evidence to back up these assertions and the record before me is devoid of any evidence to
8  support them, ground four is denied.

9  **_4.      Ground eight_**

10  In ground eight, Davidson claims that he was denied his right to counsel because "an
11  irreconcilable conflict appears to have occurred between" him and the Clark County Public
12  Defender's Office.  He alleges that the conflict arose because he made numerous requests of his
13  counsel to file a suppression motion premised on a lack of probable cause for his arrest.  Davidson
14  alleges that, when counsel failed to comply with his requests, he filed a motion to have the public
15  defender's office relieved as counsel and filed a civil-rights suit claiming that counsel conspired to
16  deprive him of his right to a fair trial on the basis of his race and status in society.

17  This claim also lacks merit.  As an indigent defendant, Davidson had no constitutional right
18  to counsel of his choosing at the state of Nevada's expense.[8]  Substitution is required only when a
19  conflict results in a total lack of communication rendering a defendant unable to present an adequate
20  defense.[9]  Substitution is not required if the conflict is entirely of the client's own making "or arose
21  over decisions that are committed to the judgment of the attorney and not the client."[10]

22  Davidson has not shown that the state district court erred in denying his request for new

23

24  _____

25  [7] _Richmond v. Lewis_, 606 U.S. 40, 50 (1992).

26  [8] _See Wheat v. United States_, 486 U.S. 153, 159 (1988).

27  [9] _See United States v. Garcia_, 924 F.2d 925, 926 (9th Cir. 1991).

28  [10] _Schell v. Witek_, 218 F.3d 1017, 1026 (9th Cir. 2000).

counsel.  The decision whether to file a motion to suppress was counsel's, not Davidson's.[11]  Davidson provides no other source of conflict warranting substitution that was not of his own making.  Accordingly, he has not demonstrated that an irreconcilable conflict deprived him of his constitutional right to counsel, and ground eight is denied.

### 5.   Ground nine

In ground nine, Davidson claims that the state district court improperly utilized both counts of the information—which stemmed from the same criminal transaction—to sentence him to consecutive sentences.  The Constitution does not prohibit the imposition of consecutive sentences for crimes that arise out of the same transaction or occurrence.[12]   Davidson is not entitled to federal habeas relief on ground nine.

### 6.   Ground ten

Davidson next claims that Nevada's habitual-criminal statute[13] is unconstitutional because it does not allow a defendant to argue that a prior conviction is too remote to qualify as a predicate offense.  Davidson also claims that the statute is vague and ambiguous because it uses the word "elsewhere," which could be construed as "states" in other countries.  In addition, Davidson alleges that his counsel was ineffective for failing to move to dismiss the habitual-criminal information and for failing to prepare for the sentencing hearing.

As noted above, Nevada does not place a limit on the age or nature of a felony conviction used in a habitual-criminal adjudication, nor does the Constitution require it do so.  A statute is unconstitutionally vague only if it "fails to give a person of ordinary intelligence fair notice that his

---

[11] See Jones, 463 U.S. at 751 (holding that allowing the client to decide what issues are to be pressed "seriously undermines the ability of counsel to present the client's case in accord with counsel's professional evaluation").

[12] See, e.g., United States v. Burns, 894 F.2d 334, 337 (9th Cir. 1990) (upholding court's discretion to impose consecutive sentences for conduct arising out of the same transaction or occurrence despite statute that appeared to require concurrent sentences).

[13] NEV. REV. STAT. § 207.010.

1   contemplated conduct is forbidden by the statute."[14]   When, as here, the challenged law does not

2   involve First Amendment rights, vagueness is evaluated on an as-applied basis and "must be

3   examined in the light of the facts of the case at hand."[15]   The inquiry "turns on whether the statute

4   provided adequate notice to [the defendant] that his particular conduct was proscribed."[16]

5          The habitual-sentencing statute under which Davidson was sentenced provided fair notice

6   that an additional felony would subject him to sentencing as a habitual criminal, and Davidson's

7   conduct fell squarely within the parameters of the statute.   As for Davidson's allegation that counsel

8   was ineffective for failing to dismiss the habitual-criminal charge, he fails to show that the motion

9   would have succeeded.   Counsel is not ineffective for failing to file a frivolous motion.   Davidson

10  also fails identify how counsel could have better prepared for his sentencing hearing.   Ground ten is

11  accordingly denied.

12          ***7.      Ground eleven***

13          In this ground, Davidson alleges that the manner in which the Clark County Public

14  Defender's Office assigns attorneys violated his constitutional right to equal protection.   According

15  to Davidson, the Clark County Public Defender's Office and many of the district-court judges are

16  part of a racist plot to label all African Americans as habitual criminals.   In support of this theory,

17  Davidson cites to the court's use of a 1994 conviction to support its habitual-criminal finding and to

18  the fact that the vast majority of his prior convictions were for "non-violent" crimes.   He also alleges

19  that the habitual-criminal statute is applied disproportionately against African Americans.   Finally,

20  Davidson notes that his attorney failed to object to the prosecutor's reading of a statement that

21  Davidson made after his arrest in another case, which, according to Davidson, should not have been

22  allowed because he was not advised of his right to remain silent.   He contends that his counsel

23  should have objected on the ground that the prosecutor was "overzealous."

24          This claim fails for lack of evidentiary support.   The use of remote or non-violent crimes to

25

26  [14] *Bouie v. Columbia*, 378 U.S. 347, 351 (1964) (internal citation omitted).

27  [15] *United States v. Harris*, 705 F.3d 929, 932 (9th Cir. 2013).

28  [16] *Id.*

support a habitual-criminal adjudication is not exceptional under Nevada law.  Davidson offers no

evidence to support his claims of a racist plot or the disparate treatment of African Americans.  He

also has not demonstrated that the statement the prosecutor referenced at sentencing was made under

circumstances that violated his Fifth Amendment rights.  And, because there is no dispute that

Davidson's criminal record warranted the habitual-criminal adjudication, his claim that the

prosecutor was "overzealous" is without merit.  I therefore decline to grant federal habeas relief on

ground eleven.

### 8.      Ground twelve

Davidson claims that he was denied a fair and impartial judge in violation of his

constitutional rights.  He points to the judge's statement at sentencing that he had an appointment

away from the building and wanted to move the proceedings along.  He claims that the judge

curtailed his counsel's argument and "hastily" adjudicated him a habitual criminal.

The sentencing transcript reflects that the state judge gave ample consideration to Davidson's

sentence.[17]  As noted above, Nevada's habitual-criminal statute requires that eligible offenders

receive the sentence delineated in the statute unless the prosecutor or a judge exercises discretion to

be more lenient.  Davidson is not entitled to federal habeas relief on ground twelve.[18]

### 9.      Ground thirteen

Davidson next claims that his constitutional rights were violated because he was misled about

the consequences of his plea.  He alleges that, in deciding to enter a guilty plea, he relied on the

representation that his sentence would not exceed 20 years.  He also claims that, when his case was

remanded by the Nevada Supreme Court, the state district court failed to consider the totality of the

record in determining whether his guilty plea was valid.

This is the claim on which the state district court initially granted post-conviction relief.  On

---

[17] ECF No. 12-15.

[18] *See Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994); *Cacoperdo v. Demosthenes*, 37 F.3d
504, 507 (9th Cir. 1994) ("The decision whether to impose sentences concurrently or consecutively
is a matter of state criminal procedure and is not within the purview of federal habeas corpus.").

appeal from that decision, the Nevada Supreme Court rejected this claim and reversed, finding that,

under the totality of the circumstances, Davidson's plea was valid.  The Court reasoned:

> Davidson acknowledged in the plea agreement that he had not been promised any particular sentence and that the sentencing judge had the discretion to order multiple sentences served concurrently or consecutively.  The plea agreement also informed him of the penalties he faced for each charge as well as the penalties for habitual criminal adjudication.  While the State may have not explained that he could be sentenced to consecutive habitual sentences during the plea canvass, nothing the State said negated the language that Davidson acknowledged in the plea agreement.  Moreover, where a defendant pleads guilty to multiple counts, "the possibility that the sentences may be imposed consecutively is implicitly understood and is not a consequence that must be explained to the defendant."  *Rosemond v. State*, 104 Nev. 286, 287, 756 P.2d 1180, 1181 (1988).  Therefore, we conclude that the district court erred in granting relief on the claim that his plea was not entered knowingly.[19]

Although a trial court has a constitutional obligation to obtain an affirmative waiver of the right

against compulsory self-incrimination, the right to trial by jury, and the right to confront one's

accusers,[20] no Supreme Court case requires the trial court itself to notify a defendant of his maximum

possible sentence before accepting a plea.  Accordingly, the Nevada Supreme Court's decision to

deny relief was not contrary to or an unreasonable application of clearly established federal law, so I

must defer to that decision and deny ground thirteen.[21]

**B.      Ineffective assistance of counsel under 28 U.S.C. § 2254(d)**

In *Strickland v. Washington*, the United States Supreme Court established a two-prong test

for ineffective-assistance-of-counsel claims.[22]  A petitioner must show (1) that the defense attorney's

representation "fell below an objective standard of reasonableness" and (2) that the attorney's

deficient performance prejudiced the defendant so severely that "there is a reasonable probability

that, but for counsel's unprofessional errors, the result of the proceeding would have been

---

[19] ECF No. 15-21 at 2–33.

[20] *Boykin v. Alabama*, 395 U.S. 238, 243 (1969).

[21] *See Carey v. Musladin*, 549 U.S. 70, 77 (2006).

[22] *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

different."[23]  If a state court has adjudicated a claim of ineffective assistance of counsel, federal habeas courts ask only "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard."[24]  Davidson has not met this burden for any of his remaining claims.

### 1.   Ground three

In ground three, Davidson alleges that his trial counsel was constitutionally ineffective because counsel advised him to plead guilty without receiving any benefits.[25]  At Davidson's state post-conviction hearing, his trial counsel testified that he advised Davidson to plead guilty because the evidence of Davidson's guilt—which included home-surveillance video footage showing Davidson breaking into a residence and exiting with a flat-screen television eight minutes later—was overwhelming.[26]  The Nevada Supreme Court rejected this claim finding that Davidson failed to show that his counsel's performance was deficient or that he was prejudiced as a result.  The Nevada Supreme Court applied the correct standard to evaluate this claim, and there is a reasonable argument that Davidson's counsel satisfied *Strickland*.  Accordingly, ground three is denied.

### 2.   Ground five

In ground five, Davidson claims that his appellate counsel was constitutionally deficient for failing to raise the following issues on direct appeal:

> 1. Whether the district court abused its discretion by using prior convictions that were based on guilty pleas;
>
> 2. Whether the prior convictions were constitutionally valid;
>
> 3. Whether the district court abused its discretion by failing to weigh factors against adjudicating Davidson a habitual criminal;
>
> 4. Whether Davidson was adjudicated a habitual criminal by virtue of his race;

---

[23] *Id.* at 694.

[24] *Harrington*, 562 U.S. at 105; *see also Cheney v. Washington*, 614 F.3d 987, 994–95 (9th Cir. 2010) (acknowledging double deference required for state court adjudications of *Strickland* claims).

[25]  Davidson includes additional allegations under ground three, but they are duplicative of allegations asserted under ground seven.

[26] ECF No. 14-13 at 12, 37.

5. Whether the prior convictions used to adjudicate Davidson
as a habitual criminal were stale and nonviolent; and

6. Whether Davidson's guilty plea was knowingly and
intelligently entered.

At Davidson's state post-conviction hearing, his appellate counsel testified that the issues available for appeal were limited because Davidson pleaded guilty.[27]  She further testified that Davidson's five prior felony convictions all appeared to be valid, so she did not see any issue with respect to his eligibility for sentencing as a habitual criminal.[28]  The Nevada Supreme Court denied Davidson's ineffective-assistance-of-appellate-counsel claim finding that Davidson failed to show that appellate counsel's performance was deficient or to show prejudice.[29]

Claims of ineffective assistance of appellate counsel are reviewed under *Strickland* 's two-pronged test.[30]  Appellate counsel has no constitutional obligation to raise every non-frivolous issue requested by the defendant,[31] nor is counsel ineffective for failing to raise a frivolous argument. The Nevada Supreme Court applied the correct standard to evaluate this claim and its decision is not based on an unreasonable interpretation of the facts.  Davidson fails to show that his appellate counsel would have prevailed on these claims had she raised them.  I therefore deny ground five.

### 3.    *Ground six*

Davidson next claims that he was denied effective assistance of counsel throughout his state criminal proceedings.  He makes two separate claims:

First, he claims that he received ineffective assistance of counsel because the deputy public defender who represented him at the guilty-plea hearing (Stephen Immerman) was not the same deputy who had represented him up to that point (Gary Guymon).  Davidson alleges that he was not

---

[27] ECF No. 14-13 at 12–13.

[28] *Id*.

[29] ECF No. 15-21 at 4.

[30] *Smith v. Robbins*, 528 U.S. 259, 286 (2000); *see also Miller v. Keeney*, 882 F.2d 1428, 1433 (9th Cir. 1989); *United States v. Birtle*, 792 F.2d 846, 847 (9th Cir. 1986).

[31] *Jones v. Barnes*, 463 U.S. 745, 751–54 (1983).

given an opportunity to object to the substitution.  He further alleges that there was no statement from Immerman that Guymon had briefed him on the case or that he was prepared to handle the case. Absent from ground six are any allegations articulating how Immerman's performance at the plea hearing fell below the *Strickland* standard.  Thus, this portion of ground six fails.

Second, Davidson alleges that Guymon allowed a violation of his right to remain silent at the sentencing hearing by persuading him to tell the court how much time he served for a prior conviction.  The exchange in question went as follows:

> MR. GUYMON:  And, actually, I'll let the client tell you precisely how long he served, but he didn't serve a ten year sentence.
>
> THE DEFENDANT:  Excuse me, sir.  The ten-year sentence is probation.  They don't do it like they do here.  It was ten years probation.  So when I got sentenced to prison, they can't give me more than ten years.  Burglary over there carries five to 99 years.
>
> So when I went back when they violate your probation, they can only sentence you to what they sentence you to what they gave you probation for, so the [sic] sentenced me to a five-year prison term.  It was not ten years.[32]

Counsel elicited this information to rebut the prosecutor's suggestion that Davidson had served significant prior custodial sentences and still had not been adequately deterred.  Counsel's performance in this regard was not deficient.  And Davidson's statement to the court did not prejudice the outcome of his case.  Ground six is denied.

### *4.     Ground seven*

In ground seven,  Davidson claims that he received ineffective assistance of counsel because Attorney Guymon was not present at the guilty-plea hearing.  Davidson claims that, if Guymon had been present at that hearing, he would have known that the state had agreed to ask for five to twenty years under the small habitual-criminal statute.  Davidson further asserts that he was not informed at the plea hearing that he would receive a consecutive sentence.

This claim misrepresents what occurred at the guilty-plea hearing.  The State made no representation at that hearing about the particular sentence it would seek.  The relevant portion of the transcript reads as follows:

---

[32] ECF No. 12-15 at 4.

1

2
[PROSECUTOR]:  Judge, there's also in this case habitual sentences that could be argued for.  He needs to understand that as well, that I have the full right to argue and that would be also-

3

4
THE COURT:  All right.  Explain whether you are seeking large or small, or what your intention might be.

5

6
[PROSECUTOR]:  Judge, in the Guilty Plea Memo we did notice them that if he is sentenced under the small habitual sentence, he could receive between five and twenty years; a five minimum, twenty-year maximum.

7

8
And is [sic] he's sentenced under the large habitual, there's three possible sentences the Court could habitualize him, and sentence him to either to 25 – a set term of years of 25, with a possible eligibility of parole after ten; or a life sentence with a possibility for parole after ten; or life without.

9

10
Those are the three possible sentences under the large habitual, and his is eligible for either one of those.

11
THE COURT: Do you understand that, Mr. Davidson?

12
THE DEFENDANT: Yes, sir.

13
THE COURT: Any questions about that, sir?

14
THE DEFENDANT: No, sir.

15
THE COURT: All right. Thank you very much.[33]

16   Davidson's allegation that he was not informed of the possibility of consecutive sentences at

17   the plea hearing does not add to his claim that he received ineffective assistance of counsel by virtue

18   of Guymon's absence at the guilty-plea hearing.  Davidson signed the guilty-plea memorandum that

19   explicitly acknowledged that the sentencing judge had the discretion to order the sentences to be

20   served consecutively and that the court was not obligated to accept the sentencing recommendation

21   of either the state or his attorney.[34]  Davidson also confirmed in open court that he had read—and

22   understood—the plea memorandum and that he understood that sentencing was entirely up to the

23   judge.[35]

24

25

26   [33] ECF No. 12-13 at 4.

27   [34] ECF No. 12-12 at 4.

28   [35] ECF No. 12-13.

1    Because Davidson has not established that he was prejudiced by Guymon's absence at the

2    plea hearing, ground seven is denied.

3    **C.      I decline to issue a certificate of appealability.**

4    To obtain a certificate of appealability, a petitioner must make "a substantial showing of a

5    denial of a constitutional right"[36] by showing that "reasonable jurists would find the district court's

6    assessment of the constitutional claim debatable or wrong."[37]  To meet this threshold, the petitioner

7    must demonstrate that the issues are debatable among jurists of reason, that a court could resolve the

8    issues differently, or that the questions are adequate to deserve encouragement to proceed further.[38]

9    Because no reasonable jurist would find my conclusion that Davidson has failed to show that he is

10   entitled to federal habeas relief debatable or wrong, I decline to issue Davidson a certificate of

11   appealability.

12                                    **Conclusion**

13   Accordingly, IT IS HEREBY ORDERED that Davidson's petition for writ of habeas corpus

14   **[ECF No. 1] is DENIED, and I decline to issue a certificate of appealability.**

15   The Clerk of Court is directed to enter judgment for respondents and against Davidson and

16   CLOSE THIS CASE.

17   Dated this 8th day of November, 2016.

18   _____
     Jennifer A. Dorsey
19   United States District Judge

20

21

22

23

24

25
_____
26   [36] 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000).

27   [37] *Slack*, 529 U.S. at 484.

28   [38] *Id.*